**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JOSEPH MICHAEL DEVON ENGEL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:20-CV-1900-NAB |
| | ) | |
| HOSPITAL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**<u>OPINION, MEMORANDUM AND ORDER</u>**

This matter is before the Court upon review of a civil complaint filed by Missouri State prisoner Joseph Michael Devon Engel, registration number 1069055. For the reasons explained below, the Court will allow plaintiff to proceed *in forma pauperis* in this action, and will assess an initial partial filing fee of $5.42. Additionally, the Court will dismiss the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

**28 U.S.C. § 1915(b)(1)**

At the time he filed the complaint, plaintiff neither paid the filing fee nor filed a motion for leave to proceed *in forma pauperis*. However, in the complaint, he writes: "Application to Proceed in District Court without Prepaying Fees or Costs," and he avers he earns only $5.00 per month. After filing the complaint, plaintiff filed a certified copy of his inmate account statement. The Court liberally construes plaintiff's statements in the complaint, along with his submission of a certified inmate account statement, as a request for leave to proceed without prepaying fees or costs, or in other words, to proceed *in forma pauperis*. Having considered plaintiff's statements, the Court has determined to allow him to proceed *in forma pauperis* in this action.

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his

prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid.  *Id.* In this case, plaintiff's certified inmate account statement shows average monthly deposits of $27.10, and an average monthly balance of $8.77. Accordingly, the Court will assess an initial partial filing fee of $5.42, which is twenty percent of his average monthly deposits.

### Legal Standard

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," or when the claims rely on "clearly baseless" factual allegations. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). "Clearly baseless" factual allegations include those that are "fanciful," "fantastic," and "delusional." *Id.* at 32-33 (quoting *Neitzke*, 490 U.S. at 325, 327). "As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Id.* at 33.

An action is malicious when it is undertaken for the purpose of harassing the named defendants rather than vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D. N.C. 1987), *aff'd* 826 F.2d 1061 (4th Cir. 1987). An action can also be considered malicious if it is part of a longstanding pattern of abusive and repetitious lawsuits. *In re Billy Roy Tyler*, 839 F.2d 1290, 1293 (8th Cir. 1988) (per curiam). When determining whether an action is malicious, the Court need not consider only the complaint before it, but may consider the plaintiff's other litigious conduct. *Cochran v. Morris*, 73 F.3d 1310, 1316 (4th Cir. 1996).

A complaint fails to state a claim upon which relief may be granted if it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555).

### The Complaint

Plaintiff repeatedly identifies himself as a sovereign citizen, and he avers he is a civilly-committed detainee. However, review of publicly-available records shows he is actually a convicted and sentenced State prisoner. The complaint is handwritten on notebook paper, but it includes a case caption that includes the name of this Court, plaintiff's name, the case number, and the title "Prisoner Civil Rights Complient [*sic*] Under 42 U.S.C. 1983." (ECF No. 1 at 1).

The second page of the complaint contains a list identifying the following entities and individuals as defendants: Hospital, St. Louis St. Alixia Brothers Hosp., Board of Trustees, Director, Assist. Director, Superintendent, Assist. Superintendent, RNs, LPNs, CNA, Med Tecs, Doctors, Missouri, Senior Citizen, Division of Aging, Security, Sen[a]tor of Missouri, House Rep Missouri, St. Louis City Police Dept., Assist. Att. General, Att. General, Lt. Gove[rnor], Gove[rnor], St. Louis City Prosecutor Office, and St. Louis Mayor. Plaintiff indicates he sues the defendants in their official and individual capacities.

Plaintiff sets forth his statement of claim as follows:

> This is in Regard to my Grandma Having Stroke after her Doctor switching all Her meds around and cause Her to Have a stroke well it put Her in a coma I came up to see Her and she was strap[p]ed to a bed in p - - s & s - - t I Beat up the nurse guy cause when I walked in something didn't seem right and he was calling her B- - - h. I was Beating Dude Bad . . . and St. Louis City Police let me go. Dude might of got arrested not sure but they made me leave hospital I was not allowed the[re]. I want this Hospital shut down I want every penny he is lucky. That place is not fit to be a hospital part of my suit is I want St. Louis U or Barnes Jewish to buy it out. They help kill my Grandma and Disgrace her I'm not having it not one Bit.

*Id.* at 1-2. Plaintiff identifies his injuries as "Freedom, PTSD, Mental, Physical, help take my Grandmas life. We a[re] Sourvin Citizns [*sic*]." *Id.* at 1.

Next to each defendant's name or title, plaintiff writes the amount of monetary relief he seeks from that defendant. Those amounts range from "70 Trillion" dollars to "200 Trillion" dollars. *Id.* at 2. Plaintiff also asks this Court to award him "4 Army issued Springfield 1911 Colt 45," and to order "Matt Blunt to step down from Sentor [*sic*] if not him and Director Lombardi brought up on charges and Warden of SECC," and he asks the Court to award "Paul Russell and family . . . 150 million dollars and full medical & dental & eye and kids full scolorships [*sic*];" and "Ashley Jones/Devin Seeger top of the line sports cars of their choice 20 million apiece to split." *Id.* at 3.

The complaint is one of more than one hundred and thirty (130) similar complaints

4

plaintiff has filed in this Court since September of 2020, alleging that his civil rights have been violated by private entities such as the defendants in this case, as well as State and local entities and officials. The manner in which plaintiff prepared those complaints, and his demands for relief, are roughly the same as in the instant action. To date, the complaints that have been reviewed pursuant to 28 U.S.C. § 1915(e)(2) have been dismissed for reasons articulated therein, or because plaintiff failed to comply with court orders. For complaints filed on or after December 22, 2020, plaintiff is subject to 28 U.S.C. § 1915(g).

### Discussion

The complaint is subject to dismissal. Plaintiff specifies that he brings this action pursuant to 42 U.S.C. § 1983,[1] which was designed to provide a "broad remedy for violations of federally protected civil rights." *Monell v. Dept. of Social Services of City of New York,* 436 U.S. 658, 685 (1978). Section 1983 imposes liability on state actors acting under color of state law. 42 U.S.C. § 1983. "Private actors may incur section 1983 liability only if they are willing participants in a joint action with public servants acting under color of state law." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 536 (8th Cir. 1999). To state a claim against a private actor under § 1983, a plaintiff "must establish, at the very least, an agreement or meeting of the minds between the private and state actors, and a corresponding violation of the plaintiffs' rights under the Constitution or laws of the United States." *Id.*

Here, plaintiff does not allege, nor is it apparent, that defendants Hospital, St. Louis St. Alixia Brothers Hosp, Board of Trustees, Director, Assist. Director, Superintendent, Assist. Superintendent, RNs, LPNs, CNA, Med Tecs, Doctors, Senior Citizen, Division of Aging, or Security are government actors who acted under color of state law. Instead, it appears they are

---

[1] Plaintiff alleges no other basis for this Court's jurisdiction over this action, and none is apparent. This Court would not have jurisdiction over this action pursuant to 28 U.S.C. § 1332 because plaintiff does not allege, nor is it apparent, that the parties are completely diverse.

private entities and employees thereof, and plaintiff alleges nothing permitting the inference they acted jointly with public servants acting under state law.

Plaintiff also fails to allege his federally-protected rights were violated by the foregoing defendants, or by any other entity or individual named as a defendant. Instead, plaintiff alleges his grandmother received inadequate care at a hospital. Plaintiff also fails to allege facts showing that any defendant was personally involved in or directly responsible for incidents that injured him, as required to state a claim under § 1983. *See Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) ("Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights"); *Martin v. Sargent,* 780 F.2d 1334, 1338 (8th Cir. 1985) (determining that because the plaintiff did not allege the defendant was personally involved or directly responsible for incidents that injured him, his claims were not cognizable in § 1983 action). In fact, the only specific information plaintiff provides regarding each defendant is the amount of money he seeks. Simply listing a person as a defendant is insufficient to establish his or her personal responsibility. *See Allen v. Purkett*, 5 F.3d 1151, 1153 (8th Cir. 1993) (agreeing with district court dismissal of two defendants who were named as defendants in the complaint, but who had no factual allegations made against them); *Krych v. Hvass*, 83 F. App'x 854, 855 (8th Cir. 2003) (affirming dismissal of *pro se* complaint against defendants who were merely listed as defendants in the complaint and there were no allegations of constitutional harm against them).

The complaint describes no other theory of recovery, nor does it contain facts from which the Court can discern any plausible claim for relief. At best, the complaint asserts only "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" that the Supreme Court has found deficient, and that this Court is not required to presume true. *Iqbal,* 550 U.S. at 678 (citing *Twombly,* 550 U.S. at 555). Having thoroughly

6

reviewed and liberally construed the complaint, the Court has determined it is subject to dismissal for failure to state a claim upon which relief may be granted.

The complaint is also subject to dismissal because it is frivolous. Plaintiff bases his entitlement to relief, at least in part, upon his asserted status as a "sovereign citizen." Arguments based upon sovereign citizen ideology have been summarily rejected as frivolous and irrational in the Eighth Circuit and in other federal courts around the nation. *See United States v. Hart*, 701 F.2d 749, 750 (8th Cir. 1983) (rejecting a jurisdictional challenge based upon the defendant's argument he was a sovereign citizen); *United States v. Sterling,* 738 F.3d 228, 233 n. 1 (11th Cir. 2013); *United States v. Benabe*, 654 F.3d 753, 761-67 (7th Cir. 2011) (describing the conduct of a "sovereign citizen" and collecting cases rejecting the group's claims as frivolous, and recommending that "sovereign citizen" arguments "be rejected summarily, however they are presented."). Plaintiff also asserts he is entitled to recover thousands of trillions of dollars in damages based upon a claim that entirely lacks factual support, and his other demands for relief are illogical. The Court concludes that plaintiff's assertions and demands rise to the level of the irrational or the wholly incredible, and are therefore "clearly baseless" under the standard articulated in *Denton,* 504 U.S. 25.

It also appears this action is subject to dismissal because it is malicious. As noted above, this action is one of more than one hundred and thirty (130) complaints plaintiff has recently filed in this Court against defendants such as the ones in this action, as well as State and local government entities and officials. Plaintiff submitted the pleadings in bulk, and stated he intended each set of pleadings be docketed as an individual civil action. The nature of those pleadings and plaintiff's claims for damages are roughly the same as those in the instant action. It therefore appears plaintiff filed this action as part of a general campaign of harassment, not as a legitimate attempt to vindicate a cognizable right. *See Spencer,* 656 F. Supp. at 461-63 (an

action is malicious when it is undertaken for the purpose of harassing the named defendants rather than vindicating a cognizable right). *See also In re Tyler*, 839 F.2d at 1293 (an action can be considered malicious if it is part of a longstanding pattern of abusive and repetitious lawsuits) and *Cochran*, 73 F.3d at 1316 (When determining whether an action is malicious, the Court need not consider only the complaint before it, but may consider the plaintiff's other litigious conduct).

Having considered the instant complaint, as well as plaintiff's recent history of engaging in abusive litigation practices, the Court concludes that it would be futile to permit plaintiff leave to file an amended complaint in this action. The Court will therefore dismiss this action under 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff may proceed *in forma pauperis* in this action..

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $5.42 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B). A separate order of dismissal will be entered herewith.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this  5th day of May, 2021.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE

8